UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA LODOVICO                                              JURY TRIAL DEMANDED

v.                                                             CASE NO.  3:12CV

CUDA & ASSOCIATES, LLC

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Connecticut Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-648 ("CCPA"), and the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA).

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Defendant CUDA is a Connecticut business entity.

4. CUDA is in the business of purchasing defaulted consumer debt.

5. CUDA collects on the debt it purchases using means of interstate commerce, including the mail, internet, and telephone.

6. CUDA has filed over 1,000 collection lawsuits in Connecticut state courts.

7. After CUDA purchased plaintiff's personal credit card account, it sued thereon and obtained a default judgment against plaintiff on November 15, 2007 in New Britain Superior Court, HHB-cv07-5005322-S (the State Court suit).

8. On January 14, 2011, in the State Court suit, a Financial Institution Execution was granted and issued by the clerk to CUDA.

9. The execution was forwarded to Connecticut Marshal Fry for service. Marshal Fry's jurisdiction for state court service is limited to Fairfield County.

10. On August 9, 2011, the plaintiff's credit union, in East Hartford CT, notified

plaintiff that it had received a Financial Institution Execution from Marshal Fry.

11. The credit union remitted $382.30 to Marshal Fry.

12. Marshal Fry returned the CUDA execution partially satisfied.

13. CUDA again forwarded the same execution to Marshal Fry for service without obtaining a new execution.

14. On October 3, 2011, the plaintiff's credit union, in East Hartford CT, notified plaintiff that it had received a Financial Institution Execution from Marshal Fry.

15. The Financial Institution Execution was identical to the August execution, despite its partial satisfaction.

16. The Credit Union remitted $265.77 to Marshal Fry.

17. A Financial Institution Execution expires, by its own terms, and by operation of law, not later than forty-five days from the initial receipt by the serving officer of such execution. Conn. Gen. Stat. 52-367b(b).

18. CUDA had a pattern and practice of re-issuing already served executions that can be issued only by the clerk of the court. Conn. Gen. Stat. §51-52; §52-367a; Conn. Practice Book § 7-2.

FIRST COUNT

19. In the collection efforts within one year prior to the date of this action, defendant violated the FDCPA, § 1692d, -e, or –f(1).

SECOND COUNT

20. In the collection efforts within one year prior to the date of this action, defendant violated the CCPA.

THIRD COUNT

21. In the collection efforts within three years prior to the date of this action, defendant violated CUTPA by the actions described above.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages against defendant under the FDCPA, plus $1,000 statutory damages against defendant under the CCPA, and actual and punitive damages against defendant under CUTPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

3. Award such other and further relief as law or equity may provide.

THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net