UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PATRICIA LODOVICO

v.                              CASE NO.  3:12CV 1085 (WWE)

CUDA & ASSOCIATES, LLC

PLAINTIFF'S MOTION TO COMPEL

Plaintiff moves to compel responses to interrogatories and production requests served Nov. 1, 2012.  CUDA's responses were based on the artificial and untenable distinction that CUDA  did nothing and has no knowledge of the actions of Benjamin Morris, CUDA's managing member, agent, and attorney.  CUDA twice represented to the court that it had interposed "limited objections" for the purpose of obtaining extensions.  Instead, CUDA objected to 8 of the 14 interrogatories and 19 of the 23 production requests.

CUDA asserted boilerplate objections and refused to meet its burden to  "show why a particular discovery request is improper." Kodish v. Oakbrook Terrace Fire Protection Dist., 235 F.R.D. 447, 449-50 (N.D. Ill. 2006). The burden is not satisfied by a "reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome, or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." Burkybile v. Mitsubishi Motors, Corp., No. 04-C-4932, 2006 WL 2325506 at *6 (N.D. Ill. Aug. 2, 2006).

A copy of the discovery responses at issue is appended.

                                              THE PLAINTIFF

                                              By:__/s/ Joanne S. Faulkner_
                                              Joanne S. Faulkner ct 04137
                                              123 Avon Street
                                              New Haven, CT 06511
                                              (203) 772-0395

Certificate of Service
I hereby certify that on January 24, 2013, a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                      ____/s/ Joanne S. Faulkner___

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA LODOVICO <br>                          Plaintiff, <br> v. <br> CUDA & ASSOCIATES, LLC <br>                          Defendant. | Civil Action No. <br> 3:12-CV-01085 (WWE) <br><br><br><br> DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES |

Defendant CUDA & Associates, LLC responds and objects to Plaintiff's First Set of Interrogatories as follows:

1. Identify each individual who viewed the Connecticut Superior Court docketing page as stated in Doc. No. 7 ¶ 8, 9.

Objection: The defendant objects to this interrogatory insofar as it is vague, ambiguous, confusing, and unintelligible. As drafted, the defendant is unable to respond to this Interrogatory insofar as the plaintiff has not identified any documents entitled or referenced as "Doc. No. 7 ¶ 8, 9" and the defendant has no idea what document the plaintiff is referring to.

2. State the dates and amounts of all payments received as a result of the State Court lawsuit referred to in ¶7 of the Complaint.

Response:
While the defendant cannot determine whether the plaintiff made all payments as a direct result of the State Court lawsuit referred to in ¶7 of the Complaint, the following payments were received by the defendant subsequent to the filing of the aforementioned lawsuit:
(i)   05/05/2009 - $20.00
(ii)  06/03/2009 - $20.00
(iii) 07/08/2009 - $20.00
(iv) 08/13/2009 - $20.00
(v)  10/15/2009 - $20.00
(vi) 09/08/2011 - $334.96

3.     Is Donna Purslow, Donna Garamella, and Donna DeCrescenzo (Donna) the same person under different last names?

Response:
Yes.


4.     State all positions held by Donna with defendant CUDA with the inclusive dates each position was held.

Response:
Vice President: 2007 through present; and
Manager: 2012


5.     State all positions held by Donna with LienFactors with the inclusive dates each position was held.

Objection: The defendant objects to this interrogatory insofar as it is irrelevant to the facts and allegations of this case and is unlikely to lead to any discoverable information as LienFactors is not a party to this action, nor is it even mentioned in the allegations of the Complaint or defenses.


6.     Does Donna use the email address Donna@lienfactors.com?

Response:
Objection/Response: The defendant objects to this interrogatory insofar as it is irrelevant to the facts and allegations of this case and is unlikely to lead to any discoverable information as LienFactors is not a party to this action, nor is it even mentioned in the allegations of the Complaint. Response: Notwithstanding and subject to the foregoing objection, yes.


7.     Identify the person(s) at CUDA authorized to retain legal counsel.

Response:
As of 03/01/2012, Donna DeCrescenzo; however, prior to that date Benjamin Morris hired all legal counsel and dealings with legal counsel were approved in advance by Benjamin Morris.


8.     Did Donna sign affidavits for use in CUDA's state court litigation? If so, approximately how many affidavits has Donna signed for use in CUDA's state court litigation against consumers?

Objection: The defendant objects to this interrogatory insofar as it is vague, ambiguous, confusing, and not reasonably calculated to lead to admissible evidence. Further, this

2

interrogatory is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

9.  Approximately how many times has Donna testified on behalf of CUDA in state court litigation wherein CUDA was the plaintiff suing an individual consumer.

Objection: The defendant objects to this interrogatory insofar as it is vague, ambiguous, confusing, and not reasonably calculated to lead to admissible evidence. Further, this interrogatory is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

10.  Identify all owners of the plaintiff's account in and since November 1, 2007.

Objection. The ownership of the account is irrelevant and unlikely to lead to any discoverable information as the Complaint and the causes of action set forth therein are based exclusively upon whether the action of reissuing a bank execution is a violation of the FDCP, CCPA, and CUTPA.

11. Identify all state marshals used by defendant or its legal counsel during 2011.

Objection. The identify of all state marshals used by CUDA or its legal counsel during 2011 is irrelevant and unlikely to lead to any discoverable information as the Complaint and the causes of action set forth therein are based exclusively upon whether the action of re-issuing a bank execution to a particular marshal already identified in the Complaint is a violation of the FDCP, CCPA, and CUTPA. Further, this interrogatory is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

12.  Describe in detail the internet software used for keeping records of defendant.

Response:

Quickbooks, e-services judicial, and proprietary software owned by CUDA & Associates, LLC and LienFactors, LLC.

13.  State whether the software used by CUDA could be accessed used by Lienfactors, LLC and the Law Office of Benjamin Morris.

Response:

Yes.

14.     State the location and contents of the doc files to which documents were uploaded, identify each person who had access to the doc file in 2010 and 2011.

Response:

The defendant is unable to intelligently respond to the first part of this Interrogatory insofar as the information contained within the software used by CUDA is not in a physical place, but maintained in a network. With respect to the persons with access to the doc file in 2010 and 2011, upon information and belief: Lisa Heslin; Donna DeCrescenzo; Neomi Chavez; Carolyn Futtner; Clara Bustamante; Annie Talmadge; Benjamin Morris; and any other employee of the Law Office of Benjamin Morris, LLC.

## CERTIFICATION

The undersigned, DONNA DECRESCENZO, duly authorized, hereby certifies that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief and that of CUDA & ASSOCIATES, LLC.

_____
DONNA DECRESCENZO

Subscribed and sworn before me this 27 day of December, 2012.

_____
Notary Public Vincent Provenzano
My Commission Expires: Commissioner of
the Superior Court

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| PATRICIA LODOVICO<br>                  Plaintiff,<br>v.<br>CUDA & ASSOCIATES, LLC<br>                  Defendant. | Civil Action No.<br>3:12-CV-01085 (WWE)<br><br>DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS |

Defendant CUDA & Associates, LLC responds and objects to Plaintiff's First Set of document requests as follows:

1.  All documents supporting each of your affirmative defenses.

Response:

See Attachment "A".


2.  All collection records as to plaintiff's account.

Response:

See Attachment "B"


3.  All documents showing assignment of plaintiff's account between CUDA and LienFactors, LLC.

Objection: Defendant objects to this document request insofar as it seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto nor is it reasonably calculated to lead to the discovery of admissible evidence. The assignment and/or ownership of the account is not at issue. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to

embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

4. All retainer agreements with each legal counsel retained to collect on plaintiff's account.

Objection: The existence and contents of any retainer agreement between the defendant and it's legal counsel, if any, is irrelevant to the claims and defenses to this action and not likely to lead to the discovery of admissible evidence as this is solely an action against CUDA and Associates, LLC for purported violations of the alleged wrongful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered by the Connecticut Superior Court against the plaintiff. The requested information will not tend to prove or disprove any of the allegations of the Complaint or defenses thereto and is irrelevant to this matter and beyond the scope of discovery.

5. All retainer agreements with the legal counsel referenced in Doc. No. 7 ¶¶3, 4, 8, 9, 11, 12, 13 ("legal counsel").

Objection: The defendant is unable to intelligently respond to this request insofar as the plaintiff has not identified any documents entitled or referenced as "Doc. No. 7 ¶¶3, 4, 8, 9, 11, 12, 13 ("legal counsel")" and the defendant has no idea what document the plaintiff is referring to. Further, the existence and contents of any retainer agreement between the defendant and it's legal counsel, if any, is irrelevant to the claims and defenses to this action and not likely to lead to the discovery of admissible evidence as this is solely an action against CUDA and Associates, LLC for purported violations of the alleged wrongful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered by the Connecticut Superior Court against the plaintiff. The requested information will not tend to prove or disprove any of the allegations of the Complaint or defenses thereto and is irrelevant to this matter and beyond the scope of discovery.

6. All W-2 and K-1 forms prepared or issued by or on behalf of Lienfactors, LLC for 2010 and 2011. You may redact social security numbers.

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, LienFactors is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to LienFactors. This request is a veiled attempt to embark on the

proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

7. All W-2 and K-1 forms prepared or issued by or on behalf of CUDA for 2010 and 2011. You may redact social security numbers.

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

8. All W-2 and K-1 forms prepared or issued by or on behalf of Law Office of Benjamin Morris for 2010 and 2011. You may redact social security numbers.

Response:

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, the Law Office of Benjamin Morris is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to the Law Office of Benjamin Morris. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

9. All records of amounts paid by CUDA to its legal counsel for 2010 and 2011.

Objection: Defendant objects to this document request insofar as it is overly broad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

10. All records of amounts paid by legal counsel to CUDA for 2010 and 2011.

Objection: Defendant objects to this document request insofar as it is overly broad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

11. All CUDA's financial statements, profit and loss statements, balance sheets for 2010 and 2011.

Objection: Defendant objects to this document request insofar as it is overly broad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

12. All Lienfactors's financial statements, profit and loss statements, balance sheets for 2010 and 2011.

Response:

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, LienFactors is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to LienFactors. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

13. All Law Office of Benjamin Morris's financial statements, profit and loss statements, balance sheets for 2010 and 2011.

Response:

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, the Law Office of Benjamin Morris is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to the Law Office of Benjamin Morris. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

14. The contents of CUDA's internet based software as to plaintiff's account.

Response:

See Attachment "B".

15. All returns of service of a financial institution execution by Marshal Fry during 2010 and 2011.

Objection: The defendant objects to this document request insofar as it is overbroad, unduly burdensome, and irrelevant to the issues presented in the Complaint and defenses thereto. This request seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto nor is it reasonably calculated to lead to the discovery of admissible evidence. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

16. All records of amount received from Marshal Fry during 2010 and 2011.

Response:

Objection: The defendant objects to this document request insofar as it is overbroad, unduly burdensome, and irrelevant to the issues presented in the Complaint and defenses thereto. This request seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto nor is it reasonably calculated to lead to the discovery of admissible evidence. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

17. All annual reports and other documents filed with the Secretary of State during 2010, 2011, and 2012 for CUDA.

Response:

Objection: Defendant objects to this document request insofar as it overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto nor is it reasonably calculated to lead to the discovery of admissible evidence. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general. Further, the information filed by CUDA with the Secretary of State's office is a matter of public record and readily available to the plaintiff.

18. All annual reports and other documents filed with the Secretary of State during 2010, 2011, and 2012 for Lienfactors, LLC.

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, LienFactors is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to LienFactors. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general. Further, the information filed by LienFactors with the Secretary of State's office is a matter of public record and readily available to the plaintiff for that office.

19. All annual reports and other documents filed with the Secretary of State during 2010, 2011, and 2012 for the Law Office of Benjamin Morris.

Response:

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is

7

it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, the Law Office of Benjamin Morris is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to the Law Office of Benjamin Morris. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general. Further, the information filed by LienFactors with the Secretary of State's office is a matter of public record and readily available to the plaintiff for that office.

20. Documents showing remittances from legal counsel to CUDA as to plaintiff's account.

Response:

None.

21. All minutes of meetings and elections of officers during 2010, 2011, and 2012 for CUDA.

Response:

Objection: Defendant objects to this document request insofar as it is overbroad and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary and sensitive nature. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

22. All minutes of meetings and elections of officers during 2010, 2011, and 2012 for Lienfactors, LLC.

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by

the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, LienFactors is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to LienFactors. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

23. All minutes of meetings and elections of officers during 2010, 2011, and 2012 for Law Office of Benjamin Morris.

Response:

Objection: Defendant objects to this document request insofar as it is overbroad, unduly burdensome, and seeks information that does not reasonably bear upon the allegations of the Complaint, nor does it tend to prove or disprove any of the allegations or defenses thereto, nor is it reasonably calculated to lead to the discovery of admissible evidence, and is of proprietary, confidential, and sensitive nature relating to a third party's business. By plaintiff's own admission based on the allegations of the Complaint, this action is based exclusively upon the alleged improper and unlawful re-issuance of a Financial Institution Bank Execution issued by the Connecticut Superior Court in connection with a judgment entered against the plaintiff by the Connecticut Superior Court. Moreover, the Law Office of Benjamin Morris is not a party to this action and any financial or corporate information relating to this non-party entity is irrelevant and well beyond the scope of permissible discovery. To the extent the plaintiff wishes to obtain this documentation, it must issue a third-party subpoena to the Law Office of Benjamin Morris. This request is a veiled attempt to embark on the proverbial "fishing expedition" to obtain information unrelated to the allegations of the Complaint, the defenses thereto, or this matter in general.

Dated: December 27, 2012

Respectfully submitted,

BY: _____
David W. Rubin, Esq. (ct-10169)
Andrew J. Soltes, Jr., Esq. (ct-26963)
Law Offices of David W. Rubin
600 Summer Street, Suite 201
Stamford, CT 06901
Telephone: (203) 353-1404
Facsimile: (203) 357-7208
E-mail: drubin@dwr-law.com
Attorney for defendant